LUCY M. LAWTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NORMAN B. LAWTON AND HELEN S. LAWTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LEONARD B. LAWTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DOROTHY K. WHITON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VIVIAN STANLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM BLAKLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8341, 8342, 8343, 8344, 8345, 8346.   Promulgated April 5, 1951.

*J. Lee Boothe, C. P. A.*, for the petitioners.
*Philip J. Wolf, Esq.*, for the respondent.

### OPINION.

HILL, *Judge:* The respondent determined deficiencies in petitioners' income taxes as follows:

| Docket No. | Petitioner | Taxable year ended Dec. 31, 1940 | Taxable year ended Dec. 31, 1941 |
|---|---|---|---|
| 8341 | Lucy M. Lawton | $15,220.89 | $1,224.53 |
| 8342 | Norman B. Lawton and Helen S. Lawton | None | 1,234.71 |
| 8343 | Leonard B. Lawton | None | 1,271.43 |
| 8344 | Dorothy K. Whiton | None | 1,261.56 |
| 8345 | Vivian Stanley | None | 1,276.20 |
| 8346 | William Blakley | None | 687.12 |

The only question for determination here is whether respondent having once determined an overassessment with respect to one of the petitioners' taxes for the year ended December 31, 1940, and with respect to all of the petitioners for the year ended December 31, 1941, may legally thereafter within the permissible period of limitations prescribed by statute determine a deficiency for these years against each of the petitioners. An issue that the deficiency determined for the year 1940 was barred by the statute of limitation was abandoned by petitioner in view of an executed waiver of such limitation by

Lucy M. Lawton. Other issues have been settled by stipulation and it is agreed by the petitioners that if the only issue remaining is decided against them the respective amounts of the deficiencies are as follows:

| Docket No. | Petitioner | Taxable year ended Dec. 31, 1940 | Taxable year ended Dec. 31, 1941 |
|---|---|---|---|
| 8341 | Lucy M. Lawton | $90.29 | $2,627.73 |
| 8342 | Norman B. Lawton and Helen S. Lawton | None | 1,827.91 |
| 8343 | Leonard B. Lawton | None | 1,864.64 |
| 8344 | Dorothy K. Whiton | None | 1,854.76 |
| 8345 | Vivian Stanley | None | 1,869.38 |
| 8346 | William Blakley | None | 1,016.58 |

The petitioners are residents of Detroit, Michigan, except William Blakley who is a resident of Dearborn, Michigan. Petitioners' income tax returns for the years involved were filed with the collector of internal revenue for the district of Michigan at Detroit.

On April 27, 1944, respondent notified petitioner Lucy M. Lawton that there had been an overassessment with respect to her income tax for the years ended December 31, 1940 and 1941. On that same date respondent notified each of the other petitioners that there was a deficiency in his or her income tax for the year ended December 31, 1940, and an overassessment for the year ended December 31, 1941.

Each petitioner, except Lucy M. Lawton, thereafter filed a petition with this Court asking for a redetermination of his or her tax liability for the years ended December 31, 1940 and 1941. In those proceedings respondent moved to dismiss as to the taxable year ended December 31, 1941, for the reason that he had not determined a deficiency for that year and, therefore, that the Tax Court was without jurisdiction. Those motions were granted by this Court on October 4, 1944.

On March 7, 1945, the respondent reversed his previous determination that there had been an overassessment with respect to each petitioner's income tax for the taxable year ended December 31, 1941, and for Lucy M. Lawton for the taxable year ended December 31, 1940, and sent each of the petitioners a notice of deficiency for such years.

It is the position of the petitioners that the respondent is barred from assessing any deficiency in these cases because he had made a previous determination that there were overassessments for the years in question. The respondent, on the other hand, maintains that it was "legally proper" for him, having once determined an overassessment, as above described, to reverse such determination within the permissible period of limitation and determine deficiencies against the petitioners. We agree with the respondent's position.

Petitioners cited no case or statute nor have we been able to find any which, under the circumstances of this case, disables the respondent from determining the deficiencies involved. Here there was no clos-

ing agreement (see section 3760, I. R. C.), valid compromise (see section 3761, I. R. C.), or final adjudication, nor had the statute of limitation run. Hence, the respondent was under no prohibition from changing his position with respect to the years involved. See *William Fleming*, 3 T. C. 974, 984, and cases cited. The following language from the *Fleming* case is appropriate here:

\* \* \* That Congress recognized that both taxpayers and the Commissioner sometimes take inconsistent positions in the treatment of taxes is apparent from its enactment of section 820 of the Revenue Act of 1938, now section 3801 of the Internal Revenue Code, the purpose of which is to "take the profit out of inconsistency." See Senate Finance Committee Report, 75th Cong., 3d sess., S. Rept. 1567.

In the case of *Burnet* v. *Porter, et al, Executors*, 283 U. S. 230, the Commissioner first approved a deduction taken by the taxpayer there involved and then allowed a claim for refund of the portional part of the tax. Some time later the Commissioner reopened the case, disallowed the deduction and redetermined the tax. The Supreme Court stated that:

\* \* \* The court of appeals sustained the power of the commissioner [in reopening the case] upon the authority of *McIlhenny* v. *Commissioner of Internal Revenue*, 39 F. 2d 356, and was clearly right in doing so. \* \* \*

We think that case and the *Fleming* case clearly support the Commissioner's contention that he could change the determination of an overassessment to a determination of deficiency under the circumstances here presented. See also *Mrs. Hatsu Furuya*, 3 B. T. A. 358; *Estate of W. S. Tyler*, 9 B. T. A. 255, 261; *Royal Indemnity Co.* v. *United States*, 313 U. S. 289.

It follows that the action of the respondent must be sustained.

The parties have stipulated the respective amounts of the deficiencies in the event our holding shall be as herein indicated. Therefore, in accordance with such stipulation

*Decisions will be entered for respondent.*