*Decision will be entered under Rule 50.*

MERIDIAN MUTUAL INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3615-62. Filed June 17, 1965.

*C. Blaine Hays, Jr.*, for the petitioner.
*Dennis J. Fox*, for the respondent.

#### OPINION

BRUCE, *Judge:* The respondent determined deficiencies in income tax for the calendar years 1958 and 1959 in the respective amounts of $11,059.94 and $7,136.35.

Two issues are presented: The first concerns the method of computing the petitioner's tax as a mutual insurance company other than life or marine. The second is whether petitioner is entitled to a deduction for a payment required on redemption of U.S. savings bonds, Series G and K.

The facts are stipulated and the stipulation is adopted as our findings of fact.

Petitioner is a corporation organized under the laws of the State of Indiana, with its principal office in Indianapolis, Ind. Since

---

January 1, 1953, it has been engaged in the fire and casualty insurance business as a mutual insurance company in Indiana, Kentucky, Michigan, and South Carolina.

Petitioner filed its income tax returns as a mutual insurance company other than life or marine for the taxable years 1958 and 1959 on Form 1120M with the district director of internal revenue, Indianapolis, Ind.

On its 1958 return petitioner entered computations of tax in the following amounts, as described below:

Line 12, p. 2 (the investment method) _____ $113, 368. 67
Line 21, p. 2 (the premium method) _____ 111, 095. 01
Line 20, Schedule D (the alternative method) _____ 99, 418. 62
Line 27, p. 1 (total income tax) _____ 111, 095. 01

As a result of respondent's examination of petitioner's 1958 return, a refund of tax for the taxable year 1958 was paid to petitioner on August 19, 1959.

On its original 1959 return petitioner entered computations of tax in the following amounts, as described below:

Line 12, p. 2 (the investment method) _____ $129, 588. 46
Line 21, p. 2 (the premium method) _____ 123, 730. 99
Line 20, Schedule D (the alternative method) _____ 116, 594. 64
Line 27, p. 1 (total income tax) _____ 116, 594. 64

Upon examination of such return respondent determined that petitioner was not entitled to pay its 1959 income tax under the alternative method and that the refund of tax for the taxable year 1958 should not have been made.

During the taxable year 1959 petitioner redeemed certain U.S. Series G and K bonds. Interest on such bonds was payable annually by the Government at a flat rate from purchase date to maturity. Such bonds were sold at par value and redeemed at par value, but in the event of redemption before maturity the purchaser was obliged to repay a portion of the interest to the Government. The following schedule shows the G and K bonds, their cost, purchase date, redemption price, date redeemed, net proceeds paid to petitioner after offset of interest, and amount of interest repaid by petitioner with respect to each bond:

| Savings bonds | Purchased | Cost and redemption price (par value) | Date redeemed | Net proceeds paid to petitioner | Interest repaid |
|---|---|---|---|---|---|
| G | Jan. 1, 1948 | $100, 000 | Dec. 15, 1959 | $99, 940. 00 | $60. 00 |
| G | July 1, 1948 | 100, 000 | Dec. 15, 1959 | 99, 300. 00 | 700. 00 |
| G | Feb. 1, 1952 | 100, 000 | Sept. 1, 1959 | 96, 400. 00 | 3, 600. 00 |
| K | July 1, 1952 | 200, 000 | Sept. 1, 1959 | 193, 933. 33 | 6, 066. 67 |
| K | Aug. 25, 1953 | 200, 000 | Sept. 1, 1959 | 193, 933. 33 | 6, 066. 67 |
| K | Jan. 1, 1954 | 200, 000 | Sept. 1, 1959 | 193, 933. 34 | 6, 066. 66 |
| | | 900, 000 | | 877, 440. 00 | 22, 560. 00 |

On its original 1959 tax return petitioner deducted the $22,560 of interest repaid the Government as a long-term capital loss on Schedule D attached to the return. On September 7, 1962, petitioner filed an amended income tax return for the year 1959, claiming the $22,560 on line 13, page 1 of the return, as a deduction for "Refund of Interest on Series G & K U.S. Saving Bonds."

The Internal Revenue Code of 1954 provides for taxation of mutual insurance companies other than life or marine or certain others in subchapter L, part II, sec. 821–823.[1] Section 821(a) provides for a tax computed under paragraph (1) or paragraph (2), whichever is the greater. Paragraph (1) provides for a tax on "mutual insurance company taxable income" at the regular corporation tax rates. Section 822 defines this income, which is, in general, income from investments and capital gains less deductions for investment expenses, real estate expenses, depreciation, interest paid or accrued, and capital losses. Paragraph (2) of section 821(a) provides for a tax on the gross income from investments except capital gains, plus premium in-

---

[1] Secs. 821 through 823 of the Internal Revenue Code of 1954 were substantially changed by amendments contained in the Revenue Act of 1962. Accordingly, for the purposes of the years here involved, all references to such sections shall refer to the statutory language thereof as it existed prior to 1962. Similarly, since small clarifying changes were made in sec. 1201(a) by the Revenue Act of 1962, references herein to sec. 1201(a) of the Internal Revenue Code of 1954 shall refer to the language thereof as it existed prior to 1962.

SEC. 821. TAX ON MUTUAL INSURANCE COMPANIES (OTHER THAN LIFE OR MARINE OR FIRE INSURANCE COMPANIES ISSUING PERPETUAL POLICIES).

(a) IMPOSITION OF TAX ON MUTUAL COMPANIES OTHER THAN INTERINSURERS.—There shall be imposed for each taxable year on the income of every mutual insurance company (other than a life or a marine insurance company or a fire insurance company subject to the tax imposed by section 831 and other than an interinsurer or reciprocal underwriter) a tax computed under paragraph (1) or paragraph (2), whichever is the greater:

(1) If the mutual insurance company taxable income (computed without regard to the deduction provided in section 242 for partially tax-exempt interest) is over $3,000, a tax computed as follows:

(A) NORMAL TAX.—

(i) TAXABLE YEARS BEGINNING BEFORE JULY 1, 1959.—In the case of taxable years beginning before July 1, 1959, a normal tax of 30 percent of the mutual insurance company taxable income, or 60 percent of the amount by which such taxable income exceeds $3,000, whichever is the lesser;

\*　　\*　　\*　　\*　　\*　　\*　　\*

(2) If for the taxable year the gross amount of income from the items described in section 822(b) (other than paragraph (1)(D) thereof) and net premiums, minus dividends to policyholders, minus the interest which under section 103 is excluded from gross income, exceeds $75,000, a tax equal to 1 percent of the amount so computed, or 2 percent of the excess of the amount so computed over $75,000, whichever is the lesser.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(e) ALTERNATIVE TAX ON CAPITAL GAINS.—For alternative tax in case of capital gains, see section 1201(a).

[As amended by sec. 2, Pub. L. 85–475, approved June 30, 1958.]

come, less dividends to policyholders and interest on certain governmental obligations, at the rate of 1 percent. Section 821(e) refers to the alternative tax provided in section 1201(a), which is to be in lieu of the tax imposed by section 821(a)(1) if it is less than the tax imposed by such section.

These sections provide for making three possible computations of tax and a selection of one of the three as the tax imposed. These methods of computation are referred to herein as the investment method, which is described in section 821(a)(1); the premium method, section 821(a)(2); and the alternative method, section 1201(a). The parties are in agreement as to the mechanics of these computations and on the amounts so computed for the taxable years. They differ as to the method of selection of the one computation which is the tax imposed. As between the investment method and the premium method, the greater amount is the tax imposed. As between the investment method and the alternative method, the lesser amount is the tax imposed. The petitioner's position is that the tax computed by the investment method is *first* to be compared with the tax computed by the premium method, and if the tax by the investment method is the greater, it is to be compared, *next*, with the amount computed by the alternative method, the lesser of these being the tax imposed. The respondent's position is that the tax computed by the investment method is *first* to be compared with the tax computed by the alternative method, and the lesser of these is *next* to be compared with the tax computed under the premium method, the greater of these amounts being the tax imposed.

In its 1958 return the petitioner entered as the tax imposed the amount computed under the method the respondent now contends is correct. On examination of that return the respondent first determined that that method was erroneous and made a refund on the basis of computation which the petitioner now contends is correct and which it followed in its 1959 return. On examination of the 1959 return respondent determined that such method is erroneous and that the refund for 1958 was made in error.

The petitioner first contends that it was entitled to rely upon the respondent's interpretation in allowing a refund of tax upon the 1958 return. The petitioner does not plead estoppel but argues that respondent should be consistent. Where there has been a mistake of law, the respondent is not estopped to correct the mistake in a year where the statute of limitations has not run. *Automobile Club* v. *Commissioner*, 353 U.S. 180 (1957), affirming 20 T.C. 1033 (1953); *Fruehauf Trailer Co.*, 42 T.C. 83 (1964), on appeal (C.A. 6); *McIlhenny* v. *Commissioner*, 39 F. 2d 356 (C.A. 3, 1930), affirming 13 B.T.A. 288; *Lucy M. Lawton*, 16 T.C. 725 (1951). The respondent could proceed by suit under section 7405 to collect the erroneous refund but is not

limited to that procedure and may determine a deficiency within the period of limitations. *Mary R. Milleg*, 19 T.C. 395, 398 (1952). The refund is not conclusive on the respondent in the absence of a closing agreement, valid compromise, or final adjudication.

It is obvious that if the amount computed under the premium method was the largest of the three amounts it would become the tax imposed, regardless of which of the two other amounts was the greater or lesser. And, if the amount computed under the premium method was the smallest of the three it could not become the tax imposed, for the lesser of the other two would qualify. The method of selection becomes important only where the amount computed under the premium method is the middle figure of the three, as was the case in these taxable years. Under the respondent's method it then becomes the tax imposed; under petitioner's method it does not.

Petitioner argues that section 1201(a) was meant to provide relief where a taxpayer had income from capital gains; that in the case of a mutual insurance company the respondent's interpretation would make this meaningless, as section 1201(a) could *never* result in any benefit to such a taxpayer. Respondent says it is not true that the tax computed under the alternative method could never result in a benefit to a mutual insurance company, as such a company might liquidate sufficient investments to result in a tax by the alternative method in excess of the tax under the premium method.

Petitioner stresses the language of section 1201(a) [2] that "in lieu of the tax *imposed* by sections * * * 821(a)(1) * * * there is hereby *imposed* a tax (if such tax is less than the tax imposed by such sections)." (Emphasis supplied.) Petitioner says that until the section 821(a)(1) tax is compared with the 821(a)(2) tax and found to be the greater, it is not the tax imposed, therefore that comparison must be made first. We do not agree.

First, it should be pointed out that no particular significance is to be given to the fact that reference to section 1201(a) is made in section 821(e). See sec. 7806(a) and (b).[3]

---

[2] SEC. 1201. ALTERNATIVE TAX.

(a) CORPORATIONS.—If for any taxable year the net long-term capital gain of any corporation exceeds the net short-term capital loss, then, in lieu of the tax imposed by sections * * * 821(a)(1) or (b), * * * there is hereby imposed a tax (if such tax is less than the tax imposed by such sections) which shall consist of the sum of—

(1) a partial tax computed on the taxable income reduced by the amount of such excess, at the rates and in the manner as if this subsection had not been enacted, and

(2) an amount equal to 25 percent of such excess, * * *

[As amended by sec. 3(f)(2), Pub. L. 86–69, approved June 25, 1959.]

[3] SEC. 7806. CONSTRUCTION OF TITLE.

(a) CROSS REFERENCES.—The cross references in this title to other portions of the title, or other provisions of law, where the word "see" is used, are made only for convenience, and shall be given no legal effect.

(b) ARRANGEMENT AND CLASSIFICATION.—No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, * * *

The tax under section 1201(a) is provided as an alternative to the tax under section 821(a)(1) but *not* to that under section 821(a)(2). Had petitioner's viewpoint been the intent of the Congress, the tax could have been provided as an alternative to the tax under section 821(a) instead of only the tax under section 821(a)(1).

The tax computed under the investment method includes capital gains in the computation, as does also the alternative tax, while the computation under the premium method excludes capital gains. The object of the alternative tax computation is to *limit* the amount of capital gains tax otherwise imposed by section 821(a)(1); it is not an alternative to the premium method tax under section 821(a)(2) or any other tax not specifically set forth in section 1201(a). Income Tax Regs., sec. 1.1201–1(a).

The petitioner's method would choose the lowest figure of the three in the situation existing in these taxable years. The respondent's method would choose the middle figure. Respondent points out that the consequence of using the method contended for by the petitioner would be that a mutual insurance company having some long-term capital gains would pay less tax than a company having the same other income but no capital gains, thus paying less tax on greater income.

Section 1201(a), made applicable to *any* corporation, provides for the imposition of a tax to be computed in the manner prescribed therein, *in lieu of* the tax imposed, among others, by section 821(a)(1), if the net long-term capital gain of the corporation exceeds the net short-term capital loss, and if the section 1201(a) tax is less than the section 821(a)(1) tax. Thus, when the 1201(a) tax is less than the 821(a)(1) tax it takes the place of the 821(a)(1) tax for the purposes of section 821(a). When the amount of such alternative tax is greater than the amount of the tax computed under paragraph (2) of section 821(a), it is the tax imposed, but when, as here, it is less than the amount of the tax computed under paragraph (2), section 821(a) requires the use of the larger amount, that is, the tax computed under section 821(a)(2) as the tax imposed.

In our opinion the respondent's method of selecting the tax imposed is correct and the comparison is to be made *first* between the amounts computed under sections 821(a)(1) and 1201(a), the lesser of these being compared *next* with the amount computed under section 821(a)(2), and the greater of these being the tax imposed. In the present case the tax computed under section 821(a)(2) is the tax imposed for 1958 and 1959.[4]

The second issue is whether the redemption in 1959, prior to maturity, of U.S. savings bonds, Series G and K, accompanied by a mandatory repayment of interest to the Government, gives rise to a tax deduction to a mutual insurance company other than life or marine.

---

[4] See Rev. Rul. 62–3 (published Jan. 8, 1962), 1962–1 C.B. 92.

Petitioner claimed a deduction of the amount so repaid in 1959 as a long-term capital loss on its original return, and later filed an amended return claiming it as a deduction for refund of interest. Respondent disallowed the deduction.

Petitioner says, on brief, that this issue is important only if its liability for 1959 is to be determined under section 821(a)(1), or that section as modified by section 1201(a). It would appear from petitioner's statement it is not contending that the deduction is allowable in a computation under section 821(a)(2). We have concluded that the petitioner's tax is to be computed under section 821(a)(2). We agree with the respondent that section 821(a)(2) contains no provision which would authorize this deduction. Accordingly we sustain respondent on this issue. The reasoning in *Equitable Life Insurance Co. of Iowa* v. *United States*, 340 F. 2d 9 (C.A. 8, 1965), holding a similar payment to be not deductible under the provisions governing taxation of life insurance companies, is applicable here.

Reviewed by the Court.

*Decision will be entered for the respondent.*

WITHEY, *J.*, dissents.

———

DRENNEN, *J.* dissenting: I respectfully dissent because I believe a strict application of the statutory language here involved as written, unaided by any legislative history or regulatory interpretation, more logically reaches the opposite result from that of the majority.

The tax on mutual insurance companies is imposed by section 821(a) and is the tax computed under paragraph (1) or paragraph (2), whichever is the greater. No reference is made in section 821(a) to the alternative tax on capital gain under section 1201(a). The reference to section 1201(a) is made in section 821(e).

Paragraphs (1) and (2) of section 821(a) provide methods of computation of the tax imposed by section 821(a). Section 1201(a) provides, in the case of corporations, that if the net long-term capital gain of the corporation exceeds the net short-term capital loss of the corporation, then, in lieu of the tax imposed by section 821(a)(1) there is imposed a tax as therein computed. In other words, as I read it, section 1201(a) imposes an alternative tax rather than an alternative method of computation under section 821(a).

It appears to me that the more logical application of the statutory language contained in section 821(a) requires a computation of tax under paragraphs (1) and (2) first. If the tax as computed under paragraph (2), the so-called premium method, is greater, that is the end of the matter and that is the tax that is imposed by section 821(a). However, if the tax computed under paragraph (1), the so-called investment method, is greater, then that is the tax imposed by section 821(a) unless an alternative tax is imposed by virtue of section

1201(a). But section 1201(a) does substitute an alternative tax if the tax on a mutual insurance company has been imposed by section 821(a)(1). There is no election provided; section 1201(a) provides that the tax computed thereunder is imposed in lieu of the tax imposed under section 821(a)(1).

If Congress had actually intended, under section 821(a), to impose the greater of the tax computed under three alternative methods, which is the effect of the majority opinion except where the alternative tax under section 1201(a) is less than the tax computed under section 821(a)(1) but greater than the tax computed under section 821(a)(2), it seems to me that it would have made the reference to section 1201(a) either immediately following section 821(a)(1) or as a separate paragraph (3) under section 821(a). I do not think the provisions of section 7806, quoted in footnote 3 in the majority opinion, support an argument to the contrary. While those provisions may prevent the drawing of inferences, etc., from "the location or grouping of any particular section or provision or portion of this title" they certainly do not suggest that Congress would not make a logical arrangement of the three alternative methods of computation under section 821(a) if that was what it intended.

In my opinion petitioner's application of the statute is correct and should be sustained.

FORRESTER, FAY, and HOYT, *JJ.*, agree with this dissent.