KATHY MAE EKREN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ekren v. Commissioner
Docket No. 10458-84.
United States Tax Court
T.C. Memo 1986-509; 1986 Tax Ct. Memo LEXIS 97; 52 T.C.M. (CCH) 776; T.C.M. (RIA) 86509; October 8, 1986. Kathy Mae Ekren, pro se. Tom Rohall, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $1,768. The sole issue for our consideration is whether petitioner is entitled to a self-employment tax exemption under section 1402(c). [1]
FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Kathy Mae Ekren (petitioner) resided in Santa Rosa, California, at the time she filed her petition in this case. She timely filed her income tax return for taxable year 1980. During the taxable year in issue, petitioner was self employed. On the Schedule C of her 1980 income *99 tax return, petitioner listed her occupation as a notary public and reported gross receipts of $31,940 and net business income of $17,189. During taxable year 1980, petitioner received no other wages or income subject to the social security tax. On Schedule C of her 1980 income tax return, petitioner wrote "not subject to self-employment tax based on sections 1.1402(c)-1 and 1.1402(c)-2 of the Internal Revenue Regulations." On February 9, 1984, respondent issued a notice of deficiency to petitioner for the taxable year 1980 and asserted that petitioner earned net business income in the amount of $17,189 as a court reporter and that such income is subject to self-employment tax. OPINION Section 1401(a) imposes a tax on the self-employment income of every individual for old age, survivors, and disability insurance. Self-employment income is defined as "the net earnings from self-employment derived by an individual * * * during any taxable year * * *." Sec. 1402(b). Section 1402(a) defines net earnings as the "gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this subtitle which are attributable to *100 such trade or business * * *." The term "trade or business" generally has the same meaning as in section 162. Sec. 1402(c) and sec. 1.1402(c)-1, Income Tax Regs.
Section 1402(c) provides an exemption from self-employment tax. Specifically, that section states that the term trade or business shall not include the performance of the functions of a public office. [2] The term "public office" includes a notary public. Sec. 1.1402(c)-2(b), Income Tax Regs. The regulations provide, however, that: An individual engaged in one of the excluded activities specified in such sections of the regulations may also be engaged in carrying on activities which constitute a trade or business for purposes of the tax on self-employment income. Whether or not he is also engaged in a trade or business will be dependent upon all of the facts and circumstances in the particular case. * * * Sec. 1.1402(c)-1, Income Tax Regs.
*101 Petitioner contends that California state law requires her to be a notary public in order to have depositions taken before her. Accordingly, petitioner argues that all her earnings should be considered earnings of a notary public and not subject to self-employment tax. Petitioner relies on Cal. Civ. Proc. Code section 2018 (West 1983) which states as follows: [D]eposition shall be taken before any notary public or a judge or officer authorized to administer oaths by the law of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony. At trial, petitioner testified that notices for depositions "always specify that the deposition be taken before a duly qualified notary public" and that as a practical matter a court reporter and a notary public are "one and the same." Respondent admits that the fees petitioner received for her services as a notary public do not constitute wages received in a trade or business and therefore are not subject to self-employment tax. Respondent also concedes on brief *102 that California law requires petitioner to be a notary public in order to have depositions taken before her. Respondent, however, contends that California law does not require petitioner to be a notary public for purposes of recording, preparing and selling the official transcript of deposition and that those fees are not exempt from imposition of self-employment tax. Respondent relies on Cal. Civ. Proc. Code section 2019(c) (West Supp. 1986) which distinguishes between "taking" and "recording" the deposition: The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness. The testimony shall be taken stenographically and transcribed unless the parties agree otherwise. * * * As support for his position that petitioner was engaged in two distinct trades or businesses, only one of which was exempt, respondent also notes that Cal. Govt. Code section 8211.5 (West 1980) differentiates between the fees of a notary public for taking a deposition and the fees of a "reporter" *103 for recording or transcribing the deposition. [3]
*104 After reviewing the applicable statutory authority, we conclude that there is no requirement that a court reporter be a notary public or that a deposition be taken and recorded by the same individual. [4] Moreover, a notary public cannot act as a court reporter unless the notary public also holds a certificate issued by the Certified Shorthand Reporter's Board. 44 Ops. Cal. Atty. Gen. 3 (July 1, 1964). The fee provisions of the California Code also recognize the distinction between the two positions. Thus, while it may be a practical business necessity that a court reporter also be commissioned as a notary public, petitioner may not use the public office exemption for notary publics to shield the fees she earned for recording or transcribing depositions from self-employment tax. [5]
*105 Although petitioner apparently functioned in a dual capacity, as both a notary public and a certified shorthand or court reporter, unfortunately she has failed to distinguish between her two sources of income. If she had made such a distinction, she would be entitled under section 1402(c) to exempt her notary public income from self-employment tax. Since she has failed to show that respondent's self-employment tax calculations were incorrect, petitioner is not entitled to any exemption under section 1402(c) for the taxable year 1980. Finally, petitioner claims that the Commissioner is estopped from changing his position as he accepted petitioner's return as filed in the past. At trial, petitioner testified that she received a refund for self-employment tax paid in 1974 and, as a result, she paid no self-employment tax for the taxable years 1975 through 1980. Petitioner testified further that she had been audited every year between the years 1975 and 1980, with the exception of 1978 and that all of the audits were resolved in her favor. The mere acceptance or acquiesence in the returns filed by petitioner in previous years creates no estoppel against respondent. [6] See First National Bank of Montgomery v. United States,176 F. Supp. 768 (N.D. Ala. 1959), *106 affd. per curiam 285 F.2d 123 (5th Cir. 1961) (acceptance of a return as filed does not give rise to equitable estoppel against the Government and a grant of a refund has the same effect). Moreover, "[i]t is settled that each tax year is another matter and the Commissioner may challenge in a succeeding year what he condoned or agreed to in a former year * * *." See Harrah's Club v. United States,661 F.2d 203, 205 (Ct. Cl. 1981) and cases cited therein.
*107 We conclude that respondent is not estopped from challenging matters raised in the notice of deficiency for taxable year 1980 and accordingly we sustain his determination for that year. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the tax year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 1402(c) provides in pertinent part: (c) Trade or business. -- The term "trade or business" when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 162 * * * except that such term shall not include -- (1) the performance of the functions of a public office, other than the functions of a public office of a State or a political subdivision thereof with respect to fees received in any period in which the functions are performed in a position compensated solely on a fee basis and in which such functions are not covered under an agreement entered into by such State and the Secretary of Health, Education, and Welfare; (2) the performance of service by an individual as an employee, other than -- * * * (E) service performed by an individual as an employee of a State or a political subdivision thereof in a position compensated solely on a fee basis with respect to fees received in any period in which such service is not covered under an agreement entered into by such State and the Secretary of Health, Education, and Welfare pursuant to section 218 of the Social Security Act * * *↩
3. Cal. Govt. Code section 8211.5 provides in pertinent part: In the event a fee is charged, the fee of a notary public for all services rendered in connection with the taking of any deposition is the sum of five dollars * * *, and in addition thereto, the sum of one dollar * * * for administering the oath to the witness and the sum of one dollar * * * for the certificate to the deposition. The fees herein provided for are exclusive of any fee for services rendered either by a notary public or another in connection with the reporting or transcription of depositions. For his services transcribing a deposition the reporter shall receive from the party purchasing the original seventy-five cents * * * per 100 words, and for each copy made at the same time ten cents * * * per 100 words; from all other parties purchasing the same the reporter shall receive for each copy made at the same time as the original twenty-five cents * * * per 100 words for the first copy and ten cents * * * per 100 words for additional copies. * * * If a deposition is transcribed, the reporter shall not receive the compensation provided in this section for reporting the deposition.↩
4. The requirements for becoming a certified shorthand reporter are set forth at Cal. Bus. & Prof. Code section 8020 (West Supp. 1986). To be lawfully engaged in the practice of shorthand reporting, a certificate of competence must be issued by the Certified Shorthand Reporter's Board. Such a certificate is in no way conditioned on status as a notary public. Sec. 8016 Cal. Bus. & Prof. Code (West 1975). The requirements for becoming a notary public are set forth at Cal. Govt. Code section 8201 (West 1980), i.e. a notary public must be a legal resident of California, must be at least 18 years of age, and must pass a fitness examination. A notary public in California is appointed by the Secretary of State after having satisfied the requirements for appointment. Cal. Govt. Code sec. 8200↩ (West 1980).
5. Accord Moore v. United States, an unreported case ( E.D. Cal. 1984, 54 AFTR 2d 84↩-5410, 84-1 USTC par. 9510). In that case involving similar facts, the Federal district court rejected the taxpayers' argument that income from their court reporting service should be considered income of a notary public and exempt from self-employment tax. After finding no statutory requirement that court reporters be notary publics, the court emphasized that the taxpayers would not be allowed to "bootstrap their trade or business of certified shorthand reporting into the public office exemption" applicable to notary publics.
6. See also Hawkins v. Commissioner,713 F.2d 347, 351-352 (8th Cir. 1983) affg. a Memorandum Opinion of this Court (even if the Commissioner erroneously may have accepted the tax treatment of certain items in previous years, he is not precluded from correcting that error in a subsequent year); Graff v. Commissioner,74 T.C. 743, 762 (1980), affd. per curiam 673 F.2d 784 (5th Cir. 1982) (Commissioner has power to correct mistakes of law in the application of the tax laws to particular transactions even where a taxpayer may have relied to his detriment on the Commissioner's mistake); Meridian Mutual Insurance Co. v. Commissioner,44 T.C. 375, 378 (1965), affd. 369 F.2d 508↩ (7th Cir. 1966).