T.C. Memo. 2018-17

UNITED STATES TAX COURT

GARY E. KRANTZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2289-17.                          Filed February 14, 2018.

Gary E. Krantz, pro se.

Evan K. Like and Louis H. Hill, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge:  Respondent determined a deficiency of $3,117 in petitioner's 2014 Federal income tax.  After concessions by respondent, the sole issue remaining for decision is whether petitioner is liable for a deficiency in Federal income tax of $1,500 for 2014 stemming from his receipt of $9,999 of unreported wages.

[*2]                            FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in Ohio when he filed his petition.

In 2014 petitioner received $41,062 of wages.  Petitioner timely filed his Federal income tax return for 2014.  He reported wages of $31,063 and tax owed of $628, and he paid the reported tax owed.

On his return, petitioner failed to claim the standard deduction of $6,200. Respondent made a mathematical adjustment to petitioner's return to give him the benefit of the standard deduction, and on June 8, 2015, he issued petitioner a refund of $930.

In 2016 respondent determined that for 2014 petitioner had failed to report: (1) wages of $9,999; (2) cancellation of indebtedness income of $7,765; and (3) a taxable health savings account distribution of $68.  On October 31, 2016, respondent issued petitioner a notice of deficiency for 2014.  On January 30, 2017, petitioner timely filed a petition with this Court.

On February 24, 2017, respondent issued petitioner a Notice CP2000, Proposed Changes to Your 2014 Form 1040, in which he conceded that petitioner did not receive cancellation of indebtedness income of $7,765 and that the $68

**[\*3]** health savings account distribution was neither includible in gross income nor subject to the early distribution penalty. In the Notice CP2000, respondent recomputed the deficiency to be $1,500.

OPINION

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are incorrect. See Rule 142(a);[1] Welch v. Helvering, 290 U.S. 111 (1933).

Petitioner stipulated that in 2014 he received unreported wages of $9,999. Section 61(a) defines gross income as "all income from whatever source derived". This includes compensation for services, such as wages. See sec. 61(a)(1). Although petitioner stipulated that he had received $9,999 of unreported wages in 2014, he raises several arguments as to why he is not liable for the deficiency.

Petitioner first appears to contend that respondent's concessions in the Notice CP2000 render the notice of deficiency invalid because they were made

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

**[\*4]** after petitioner filed his petition.[2] Respondent's concession of an issue or issues does not destroy the presumption of correctness of the notice of deficiency as to the remaining issues. U.S. Holding Co. v. Commissioner, 44 T.C. 323, 328 (1965); Wycoff v. Commissioner, T.C. Memo. 2017-203, at \*35; Halle v. Commissioner, T.C. Memo. 1996-116, 1996 Tax Ct. Memo LEXIS 111, at \*11. Thus, petitioner's contention that the notice of deficiency is invalid is incorrect.

Petitioner next appears to contend that respondent is precluded from assessing a deficiency for 2014 because he issued petitioner a refund for the same taxable year. A refund is not binding on the Commissioner in the absence of a closing agreement, valid compromise, or final adjudication. Meridian Mut. Ins. Co. v. Commissioner, 44 T.C. 375, 379 (1965), aff'd, 369 F.2d 508 (7th Cir.

---

[2]On brief petitioner appears to object for the first time to the admissibility of the Notice CP2000. The Notice CP2000 was a joint exhibit which petitioner and respondent stipulated. The parties stipulated that "[a]ny relevance objection may be made with respect to all or any part of this stipulation at or before the time of trial, but all other evidentiary objections are waived unless specifically expressed in this stipulation." Petitioner has not objected on relevance grounds and has therefore waived any such objection. See Fed. R. Evid. 103(a)(1); Parks v. Commissioner, 145 T.C. 278, 295 n.25 (2015), aff'd, 120 A.F.T.R.2d (RIA) 17-6857 (9th Cir. 2017); Estate of Smith v. Commissioner, T.C. Memo. 2001-303, 2001 Tax Ct. Memo LEXIS 342, at \*33 n.14, aff'd, 54 F. App'x 413 (5th Cir. 2002). Additionally, a fundamental rule of evidence is that an objection not timely made is waived. See Fed. R. Evid. 103(a)(1); Estate of Smith v. Commissioner, 2001 Tax Ct. Memo LEXIS 342, at \*33 n.14 (citing United States v. Jamerson, 549 F.2d 1263, 1266-1267 (9th Cir. 1977)). Petitioner waived his right to contest the admission of the Notice CP2000 when he did not make a timely objection.

**[\*5]** 1966).  It is well settled that the granting of a refund does not preclude the Commissioner from issuing a notice of deficiency merely because he accepted a taxpayer's return and issued a refund.  Beer v. Commissioner, 733 F.2d 435, 437 (6th Cir. 1984), aff'g T.C. Memo. 1982-735; Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir. 1975), aff'g T.C. Memo. 1974-243.  Further, refunds are subject to final audit and adjustment, and thus are not final determinations that would preclude subsequent adjustment.  Clark v. Commissioner, 158 F.2d 851 (6th Cir. 1946), aff'g a Memorandum Opinion of this Court; Owens v. Commissioner, 50 T.C. 577 (1968).  We therefore reject petitioner's claim that respondent was precluded from issuing him a notice of deficiency because he was previously issued a refund.

Accordingly, we sustain respondent's determination that petitioner is liable for a $1,500 deficiency resulting from his failure to report $9,999 of wages.  In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.