# United States Tax Court

T.C. Memo. 2022-107

GEORGE P. MANZOLILLO AND LUCY P. MANZOLILLO,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 25481-16.                          Filed October 24, 2022.

————————

George P. Manzolillo and Lucy P. Manzolillo, pro sese.

*Randall B. Childs*, *Eric O. Young*, *A. Gary Begun*, and *David D. Duncan*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, *Chief Judge*: Respondent determined a deficiency of $4,750 for 2015. The issue for consideration is whether petitioners' income tax liability must increase by the amount of the excess advance premium tax credit (APTC) benefit that was applied against their monthly health insurance premium.

Unless otherwise indicated, all section references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*2]                FINDINGS OF FACT

A partial trial was held and later further trial was held, and Exhibits were admitted. Petitioners resided in Florida when they timely filed their Petition.

Before their marriage on May 16, 2015, petitioners separately enrolled in health insurance for taxable year 2015 through Aetna Life Insurance Company, which they purchased through the Health Insurance Marketplace. In 2015 petitioner husband elected to receive APTC payments of $640 per month for 12 months for a total annual credit of $7,680. Petitioner wife similarly elected to receive APTC payments of $90 for three months—January 1 to March 31, 2015—totaling $270 for the year. Petitioners received a combined APTC benefit of $7,950 in 2015. This amount was paid directly to petitioners' insurance company and applied to the cost of their 2015 health insurance premiums.

Petitioners timely filed a joint income tax return for taxable year 2015 reporting adjusted gross income of $56,307 and claiming no dependents. They attached to their return Form 8962, Premium Tax Credit, which is used to reconcile the amount of APTC benefit received with the amount the taxpayer was entitled to receive. They reported modified adjusted gross income (MAGI) of $67,448, which included $11,141 of tax-exempt interest. Petitioners claimed a $4,515 PTC for 2015. They claimed erroneously that $3,200 had been paid on their behalf; it was in fact $7,950. Petitioners elected the alternative calculation for year of marriage but failed to complete Part V of Form 8962.

On July 18, 2016, respondent requested additional documentation from petitioners to support their PTC claim. They supplied this information, and on August 1, 2016, respondent issued petitioners a previously frozen refund of $4,187 plus interest.

Respondent subsequently audited petitioners' 2015 tax return and denied their $7,950 PTC. On October 17, 2016, respondent issued petitioners a notice of deficiency for $7,550. Nearly a year after they filed their Petition, petitioners informed respondent that the notice of deficiency did not account for their election regarding the alternative calculation of the PTC for year of marriage. Respondent accordingly adjusted the deficiency to $4,750.

**[*3]**                                         OPINION

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and taxpayers bear the burden of showing the determinations are erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioners do not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift.

Petitioners contend they have no deficiency and that they are entitled to the refund that they received. They do not argue that respondent miscalculated their PTC for the taxable year. Instead, they argue that the Commissioner is precluded from issuing a deficiency notice after previously providing a refund.

I.     *Premium Tax Credit*

As part of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, §§ 1401(a), 10105, 124 Stat. 119, 213, 906 (2010), section 36B allows a PTC to subsidize the cost of health insurance purchased through a health insurance exchange by taxpayers meeting certain statutory requirements. *See* Treas. Reg. § 1.36B-2(a). The PTC is generally available to individuals with household incomes between 100% and 400% of the federal poverty line (FPL) amount for the year at issue.[1] § 36B(c)(1)(A), (d)(3)(B); *see McGuire v. Commissioner*, 149 T.C. 254, 259 (2017). A taxpayer's household income is the sum of the MAGI of both spouses. Treas. Reg. § 1.36B-1(e)(1).

Recipients can choose to receive the benefits in advance, in which case the payments are made directly to the insurer. *See* § 36B; *McGuire*, 149 T.C. at 260. At yearend a taxpayer who received an APTC must reconcile the amount of the APTC already received with the entitlement amount. § 36B(f)(2). The taxpayer may do so by completing Form 8962 and filing it with the tax return. If the APTC is greater than the entitlement amount, the taxpayer owes the Government the excess APTC, which will be reflected as an increase in tax. § 36B(f)(2)(A); *Keel v. Commissioner*, T.C. Memo. 2018-5, at *6.

---

[1] The FPL amount is established by the most recently published poverty guidelines in effect on the first day of the open enrollment period preceding that tax year.

**[\*4]** The regulations provide an alternative calculation to address circumstances where taxpayers such as petitioners are unmarried at the beginning of the taxable year, marry during the year, and file a joint return for the same taxable year. *See* Treas. Reg. § 1.36B-4(b)(2)(i). Under this method, the taxpayers' additional tax liability is equal to the excess of the taxpayers' APTC payments for the taxable year over the amount of the "alternative marriage-year credit." *Id.* subdiv. (ii)(A). "The alternative marriage-year credit is the sum of both taxpayers' alternative premium assistance amounts for the pre-marriage months and the premium assistance amounts for the marriage months." *Id.*

The alternative premium assistance amount for premarriage months is equal to the excess of each taxpayer's benchmark qualified health plan premium amount over the taxpayer's required contribution amount. *Id.* subdiv. (ii)(B). To calculate the premarriage contribution amount, each taxpayer uses "one-half of the actual household income for the taxable year and treats family size as the number of individuals in the taxpayer's family prior to the marriage." *Id.* The marriage months calculation is similar except that the taxpayer's contribution amount is determined using the taxpayers' joint household income and family size at the end of the taxable year. *Id.* subdiv. (ii)(C). Taxpayers calculate the premium assistance amount for the marriage months for each full month they are married. *Id.*

Petitioners are eligible for the alternative calculation because they were "unmarried at the beginning of the taxable year, married during the year, and file[d] a joint return for the same taxable year." *See Fisher v. Commissioner*, T.C. Memo. 2019-44, at \*8. Using this alternative method, respondent adjusted petitioners' deficiency to $4,750. Petitioners have made no effort to show that respondent's determinations are incorrect. The Court agrees with the deficiency as adjusted.

II. *Preclusion*

Petitioners assert that respondent is precluded from increasing their tax liability because they received a refund for 2015. Their position is inconsistent with our caselaw.

"A refund is not binding on the Commissioner in the absence of a closing agreement, valid compromise, or final adjudication." *Krantz v. Commissioner*, T.C. Memo. 2018-17, at \*4 (citing *Meridian Mut. Ins. Co. v. Commissioner*, 44 T.C. 375, 379 (1965), *aff'd*, 369 F.2d 508 (7th

**[\*5]** Cir. 1966)). "It is well settled that the granting of a refund does not preclude the Commissioner from issuing a notice of deficiency merely because he accepted a taxpayer's return and issued a refund." *Id.* at \*5 (first citing *Beer v. Commissioner*, 733 F.2d 435, 437 (6th Cir. 1984), *aff'g* T.C. Memo. 1982-735; and then citing *Warner v. Commissioner*, 526 F.2d 1, 2 (9th Cir. 1975), *aff'g* T.C. Memo. 1974-243). "[R]efunds are subject to final audit and adjustment, and thus are not final determinations that would preclude subsequent adjustment" such as a notice of deficiency. *Id.* (first citing *Clark v. Commissioner*, 158 F.2d 851 (6th Cir. 1946) (per curiam), *aff'g* a Memorandum Opinion of this Court; and then citing *Owens v. Commissioner*, 50 T.C. 577 (1968)).

We therefore reject petitioners' contention that respondent was precluded from issuing them a deficiency notice because they had been issued a refund.

III. *Conclusion*

Respondent was not precluded from issuing petitioners a deficiency notice after issuing them a refund for the 2015 taxable year. After calculating the alternative marriage-year computation for the PTC, we conclude petitioners are liable for a $4,750 increase in the tax imposed.

To reflect the foregoing,

*Decision will be entered for respondent.*