## McILHENNY et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4077.

Circuit Court of Appeals, Third Circuit.
March 4, 1930.

Robert E. Lamberton, of Philadelphia, Pa., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Morton K. Rothschild, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

John D. McIlhenny filed an income tax return for the year 1920, in which he claimed a deduction for loss of $4,749.42. Early in 1923, a revenue agent examined his return and disallowed the deduction. McIlhenny filed a protest. In February of 1924 the Commissioner of Internal Revenue, after giving consideration to the report of the revenue agent and the taxpayer's protest, ex-

pressly allowed the deduction in full. Other adjustments in the return, however, resulted in a determination of a deficiency and an assessment of an additional tax which McIlhenny duly paid in full. On November 18, 1925, the same Commissioner, without having before him any evidence of fraud, malfeasance, misrepresentation of fact, or new evidence of any character, reopened the case, disallowed the deduction and, on January 8, 1926, notwithstanding the protest of the executors of McIlhenny, who had died on November 23, 1925, determined, solely because of such disallowance, a deficiency in his income tax for 1920 in the sum of $2,043.82. The executors appealed from the redetermination of the Commissioner to the United States Board of Tax Appeals. The Board sustained the Commissioner.

The case is now here upon a petition for review of the Board's decision. The facts upon which the Commissioner first allowed and later disallowed the claimed deduction are that in 1916 John McIlhenny, father of John D. McIlhenny, the taxpayer, died testate. leaving his residuary estate in equal shares to his five children. In the year 1920, John McIlhenny's executors sold certain securities at a net loss of $23,747.10 and distributed the proceeds among his five residuary legatees. The one-fifth part of this loss, or $4,749.42 constituted the sum claimed as a deduction by John D. McIlhenny in his individual return for that year. The ground upon which such sum was claimed as a deduction by the taxpayer and at first allowed by the Commissioner as a personal loss was that in 1920 the estate of John McIlhenny was not in process of administration, and that the securities then held by the executors were held by them not as executors but as agents of the legatees. In his subsequent deficiency letter disallowing the deduction, the Commissioner stated: "No evidence is of record in this office that such executors ever made a final settlement of the estate or were legally discharged. It is, therefore, conclusive that the assets of the estate were exclusively in charge of such executors, as executors of the estate and not as agents of the beneficiaries, and therefore, losses on the sale of such assets of the estate may not be proportionately deducted by the beneficiaries on their individual returns."

But the sole question presented by the record before us is not whether the first action of the Commissioner in allowing the deduction was right or wrong, but whether having once determined the matter, and the tax computed upon such determination having

been paid, the Commissioner had power or authority, in the absence of fraud or other new evidence, to reopen the case, disallow the deduction theretofore allowed by him, and make a redetermination of the tax. In support of their contention that the Commissioner was without power to reopen the case and make a redetermination, the petitioners, the taxpayer's executors, rely upon Woodworth v. Kales, 26 F.(2d) 178 (C. C. A. 6), and the Commissioner's order of January 20, 1923, while the Commissioner finds support for his opposite view in Botany Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; L. Loewy & Son v. Commissioner of Internal Revenue, 31 F.(2d) 652 (C. C. A. 2); Holmquist v. Blair, 35 F.(2d) 10 (C. C. A. 8); Austin Co. v. Commissioner of Internal Revenue, 35 F.(2d) 910 (C. C. A. ·6); sections 1312 and 1313 of the Revenue Act of 1921, 42 Stat. 227; and sections 1006 and 1007 of the Revenue Act of 1924, 43 Stat. 253 (26 USCA §§ 1249 note, 1250).

■ The statutory provisions last referred to were first introduced in the Revenue Law of 1921 and were re-enacted without substantial change in the Act of 1924. They were explained in the Report of the Senate Finance Committee on the Internal Revenue Bill of 1921, p. 31, thus: "Under the present method of procedure a taxpayer never knows when he is through, as a tax case may be opened at any time because of a change in ruling by the treasury department. It is believed that this provision will tend to promote expedition in the handling of tax cases and certainty in tax adjustment." These provisions appear to be intended to apply to determinations and assessments made after their passage in any case, even though the tax liability may have arisen out of an earlier statute, and they are sufficiently broad for that purpose. Furthermore, they prescribe the steps for making final and conclusive not compromises, as does Rev. St. § 3229 (26 USCA § 158), but the payment of any tax based on a determination and assessment. And the law is that, when a statute limits a thing to be done in a particular mode, it includes a negative of any other mode. Botany Mills v. United States, supra.

■ In the case at bar, the statutory procedure was not followed, in that there was no agreement in writing, or otherwise, that the determination and assessment of February, 1924, should be final and conclusive. As a consequence, we are constrained to hold that the determination and assessment of 1924 were not final and conclusive, and that the

Commissioner was not estopped or otherwise barred, by the payment and acceptance of the tax based on such determination and assessment, from reopening the case and making the further determination subsequently made by him.

■ It is true that this conclusion is in conflict with the Commissioner's general order of January 20, 1923, which reads thus: "Numerous complaints from various sources have reached me that taxpayers are being subjected to examinations and requests for information concerning cases in which the audits have been completed and the cases closed. Such examinations are not advisable and are clearly contrary to the spirit of the act and the regulations of the Department. The reopening of closed cases should be the rare exception and not the rule. In the absence of evidence of fraud or gross error cases once closed are not to be reopened." Such an order cannot, however, change the controlling legislative will as disclosed by the statutes hereinbefore considered. Yet, its recitals and breach by those in authority may serve with the facts and conclusion of this case and other like cases to aid the Congress in determining whether additional legislation is or is not needed to protect citizens from the molestations and want of repose that concededly exist in practice under the present statutes.

The order of redetermination made by the Board of Tax Appeals must be affirmed.