**KEYSTONE AUTOMOBILE CLUB CASUALTY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

**KEYSTONE AUTOMOBILE CLUB FIRE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket Nos. 90931, 90932, 91484, 91486. Promulgated July 16, 1940.

*R. Lester Moore, Esq.*, for the petitioners.
*Lloyd W. Creason, Esq.*, for the respondent.

### SUPPLEMENTAL OPINION.

SMITH: These proceedings are before the Board on petitioners' motion for a reconsideration of its opinion promulgated July 27, 1939, and published at 40 B. T. A. 291. The Board's final decisions

entered July 29, 1939, were vacated by orders dated August 11, 1939, and reargument was heard on October 4, 1939.

In its promulgated opinion the Board referred to article 1014 of Regulations 74 and 77, promulgated under the Revenue Acts of 1928 and 1932, and at page 307, 40 B. T. A., quoted therefrom as follows:

* * * A stock fire insurance company, operated on the mutual plan to the extent of paying dividends to certain classes of policyholders, may make a return on the same basis as a mutual fire insurance company with respect to its business conducted on the mutual plan. [Art. 1014.]

Following this quotation it was said that "No similar provision is found in Regulations 86, promulgated under the provisions of the Revenue Act of 1934." This statement was in error, since by Treasury Decision 4697, approved September 22, 1936, article 207–1 of Regulations 86, Cumulative Bulletin XV–2, p. 167, was amended and the above quoted provision of the earlier regulations, which was omitted in Regulations 86 as originally promulgated, was reinstated. (See article 207–5 of amended regulations set out below.)

Assuming that the regulation is valid, what are the rights that it confers upon the petitioners? Only one of the petitioners, the Fire Co., is "a stock fire insurance company" and therefore within the letter of the regulation. No reference is made in the regulation to casualty companies.

The Fire Co. paid dividends not to "certain classes of policyholders" but to all of its policyholders. All and not just a part of its business was conducted, to that extent, on a mutual basis. Computing its income "on the same basis as a mutual fire insurance company" it would be entitled to all of the deductions granted to "mutual insurance companies other than life and marine" under section 207 (c) of the Revenue Act of 1934 (section 208 (c) of the Revenue Acts of 1928 and 1932), which, so far as here material, are "the amount of premium deposits returned to their policyholders and the amount of premium deposits retained for the payment of losses, expenses, and reinsurance reserves."

In his determination of the deficiencies herein the respondent has allowed both of the petitioners the deduction of the amounts of premium deposits returned to the policyholders, and does not in these proceedings question the correctness of the allowance, but has not allowed any deduction on account of the premium deposits retained by the companies.

We found, in our promulgated opinion, 40 B. T. A., at pages 307 and 308, that the evidence did not show that the amounts of premium deposits retained by the petitioners at the end of the taxable years involved, which were included in petitioners' taxable income by the respondent, were retained for "the payment of losses, expenses, and reinsurance reserves", within the meaning of the statute, as

interpreted in article 207–1 of Regulations 86, the provisions of which are in part as follows:

In addition to the deductions and credits to which corporations generally are entitled as defined and limited under sections 23, 24, and 26, insurance companies of this type [mutual insurance companies other than life and marine] are entitled to deduct from gross income:

\* \* \* \* \* \* \*

(2) The amount of premium deposits retained at the end of the taxable year for the payment of losses, expenses and reinsurance reserves. As used in this article the term "losses" means incurred losses; the term "expenses" means accrued expenses and the term "reinsurance reserves" means the amount necessary to reinsure outstanding policies for their unexpired terms.

Article 207–1 of Regulations 86, as amended by Treasury Decision 4697, is in part as follows:

Art. 207–5. *Special deductions allowed mutual insurance companies.*—Mutual insurance companies (including interinsurers and reciprocal underwriters, but not including mutual life and mutual marine insurance companies), which require their members to make premium deposits to provide for losses and expenses are allowed to deduct from gross income the aggregate amount of premium deposits returned to their policyholders or retained for the payment of losses, expenses, and reinsurance reserves. In determining the amount of premium deposits retained by a mutual fire or mutual casualty insurance company for the payment of losses, expenses, and reinsurance reserves, it will be presumed that losses and expenses have been paid out of earnings and profits other than premiums to the extent of such earnings and profits. If, however, any portion of such amount is applied during the taxable year to the payment of losses, expenses, or reinsurance reserves, for which a separate allowance is taken, then such portion is not deductible; and if any portion of such amount for which an allowance is taken is subsequently applied to the payment of expenses, losses, or reinsurance reserves, then such payment can not be separately deducted. The amount of premium deposits retained for the payment of expenses and losses, and the amount of such expenses and losses, may not both be deducted. A company which invests part of the premium deposits so retained by it in interest-bearing securities may nevertheless deduct such part, but not the interest received on such securities. \* \* \*

It will be noted that the amended regulations do not carry forward the definition given for the statutory terms "losses", "expenses", and "reinsurance reserves" contained in the revoked regulations, to which we referred in our promulgated opinion. This change in the regulations, however, does not affect the result previously reached, that the premium deposits on hand at the end of the taxable years are not shown to have been retained for the payment of losses, expenses, and reinsurance reserves.

The petitioners' balance sheets for the years involved show among their liabilities a few small items such as "Estimated expenses of investigation", "Commissions, brokerage, etc.", "Reinsurance", "Losses and claims", and other items that might fall within the statutory terms "losses", "expenses", and "reinsurance reserves", but in the

determination of the deficiencies the respondent has allowed the deduction of these accrued items by including in the net incomes only the increases in surplus year by year, less the nontaxable income.

As we pointed out in our promulgated opinion, the premium deposits retained by both the Fire Co. and the Casualty Co. at the end of the taxable years fell into the accumulated surplus of those companies and, for all that the evidence shows, were available for dividend distribution to the sole stockholder.

We adhere to our prior ruling that the petitioners are not entitled to any additional deductions for the years involved.

The petitioners in their reargument renew their principal contention that they are mutual insurance companies and exempt from tax under the provisions of section 103 (11) of the Revenue Act of 1928 and the corresponding sections of the 1932 and 1934 Acts, and urge that the Board erred in determining otherwise.

Our determination that the petitioners are not mutual insurance companies was reached after a careful consideration of that question and the reargument advances no convincing reason for changing our ruling.

Since the promulgation of our opinion the United States Circuit Court of Appeals for the Third Circuit has handed down its decision in *Driscoll* v. *Washington County Fire Ins. Co.*, 110 Fed. (2d) 485, holding that a fire insurance company organized under the laws of the Commonwealth of Pennsylvania, which operated in part on a mutual basis but whose policyholders were not all "members" who participated in the conduct of the business, was not a mutual company entitled to exemption under the income tax laws. The case supports our prior determination, which we now affirm, that the petitioners herein are not exempt from tax as mutual insurance companies.

Reviewed by the Board.

*Decisions will be entered for the respondent.*