**KNAPP–MONARCH CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 12599.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 17, 1944.

---

[2] See the first three cases cited in footnote 1.

J. Spencer Wolling, of St. Louis, Mo. (Charles P. Williams, of St. Louis, Mo., on the brief), for petitioner.

Miss Helen Goodner, Atty. for Department of Justice, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Bernard Chertcoff, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before THOMAS and JOHNSEN, Circuit Judges, and MOORE, District Judge.

MOORE, District Judge.

This is a petition to review a decision of the Tax Court which upheld a deficiency income tax assessment against petitioning corporation. There is no question but that the assessment is correct in amount provided it was within the jurisdiction of the Commissioner of Internal Revenue to make any such assessment; the only question for our consideration is whether or not the Commissioner's right to make an assessment had been foreclosed by his previous ruling that no tax was due by reason of the transaction under consideration.

The facts giving rise to the controversy are as follows: petitioner undertook the reorganization of its capital structure and as part of the plan of reorganization issued new common stock in exchange for old, new preferred stock for old, and issued common stock and cash to preferred stockholders in satisfaction of accrued, unpaid dividends. An outline of the complete plan of reorganization was submitted to the Commissioner of Internal Revenue and on November 24, 1936, a ruling was made declaring the dividend distribution to be taxable in the hands of recipients and deductible by the corporation as a dividends-paid credit. The corporation made its income tax return for the year 1936 in accordance with this ruling, and presumably the shareholders did likewise.

Subsequently, the Commissioner asked for and got from petitioner an extension of the period of limitation and thereafter, on January 6, 1941, within the extended period, petitioner was advised of the deficiency assessment complained of, based on the distribution outlined above.

Petitioner contends that the Commissioner of Internal Revenue is estopped by reason of his first ruling on this matter, and reliance by taxpayer thereon, from now asserting the tax. Cited as authority are Ritter v. United States, 3 Cir., 28 F.2d 265; Walker v. United States, C.C., 139 F. 409, and Western Union Tel. Co. v. Julian et al., C.C., 169 F. 166. These are cases stating the rule that under proper circumstances an estopped may be effected against the Government by the act of its agent acting within the scope of his authority.

Be that as it may, the elements of an estoppel are not present here. There is no showing that the petitioning taxpayer suffered any detriment by reason of its action taken pursuant to the Commissioner's first ruling. Such reliance appears to be a necessary element of estoppel. Crossett Lumber Co. v. United States, 8 Cir., 87 F.2d 930, 109 A.L.R. 1348. Taxpayer simply paid a tax which was lawful for it to pay. The decisions are numerous and without dissent that the Commissioner of Internal Revenue may re-examine and re-determine a taxpayer's liability within the period of limitations. Burnet v. Porter, 283 U.S. 230, 51 S.Ct. 416, 75 L.Ed. 996; Commissioner v. Newport Industries, 7 Cir., 121 F.2d 655; McIlhenny v. Commissioner, 3 Cir., 39 F.2d 356; St. Louis Union Trust Co. v. United States, 8 Cir., 82 F.2d 61.

Under the law in force at the time the original ruling was made by Commissioner, it was possible for a binding agreement as to the extent of tax liability to be made by and between the Government and a taxpayer. 26 U.S.C.A. Int.Rev.Code, § 3760 (Act of May 29, 1928, Ch. 852, § 606; 45 Stat. 874) provides for closing agreements respecting tax liability which shall be final if approved by the Secretary of the Treasury, the Under-Secretary or an Assistant Secretary. There is no allegation or showing that any such binding agreement was entered into in this case. The very fact that Congress has provided a way in which the Internal Revenue Department may bind itself, precludes the possibility of its being bound by some other procedure. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. Raleigh, etc., R. Co. v. Reid, 13 Wall. 269, 270, 20 L.Ed. 570; Scott v.

Ford, 52 Or. 288, 296, 97 P. 99." Botany Worsted Mills v. United States, 278 U.S. 282, 289, 49 S.Ct. 129, 132, 73 L.Ed. 379. See, also, McIlhenny et al. v. Commissioner, 3 Cir., 39 F.2d 356.

The judgment is affirmed.