BAKER INDUSTRIES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker Industries, Inc. v. Commissioner
Docket No. 9305-75.
United States Tax Court
T.C. Memo 1978-440; 1978 Tax Ct. Memo LEXIS 71; 37 T.C.M. (CCH) 1842; T.C.M. (RIA) 78440; November 6, 1978, Filed Joseph R. Purcell, for the petitioner. Patrick E. Whelan, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal corporate income tax for the taxable year 1969 in the amount of $ 94,834.51. Due to concessions the sole issue for decision is whether petitioner must recognize a long-term capital gain in the amount *72 of $ 344,849.81 on the sale of a tract of land known as the Long Lake Property. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Baker Industries, Inc. (herein petitioner) is a corporation incorporated under the laws of Delaware. Its principal place of business was Parsippany, New Jersey, at the time of filing its petition in the instant case. Petitioner filed a consolidated Federal corporate income tax return with the District Director of Internal Revenue at Newark, New Jersey, for the taxable year in issue. During 1957 petitioner began acquiring the outstanding capital stock of U.S. Bobbin and Shuttle Co. (herein Bobbin). Bobbin was a corporation organized under the laws of Rhode Island with its principal place of business in Massachusetts. By January 25, 1957, petitioner had acquired over 50 percent of Bobbin's outstanding stock. Petitioner continued to acquire Bobbin stock and by the close of 1957 petitioner owned stock in excess of 80 percent. The cost of all Bobbin stock acquired by petitioner was $ 548,391.93. On December 31, 1956, Bobbin held assets worth $ 1,674,011.20 and owed *73 liabilities in the amount of $ 187,117.14. Its assets primarily consisted of operating plants in Massachusetts and South Carolina, equipment utilized in the manufacture of bobbins and shuttles, mill equipment, and timberland composed of various tracts referred to hereinafter as Tupper Lake Property, Gore Property, and Long Lake Property. During the taxable years 1957 through 1959 Bobbin continued to manufacture bobbins and shuttles in the same manner as it had prior to its acquisition by petitioner.Bobbin filed separate Federal corporate income tax returns reflecting net operating losses in the amounts of $ 259,771.86, $ 617,131.02 and $ 193,662.52 for the respective taxable years 1957, 1958 and 1959. Its net operating loss for the period of its operation during 1960 was $ 76,141.64. On October 18, 1960, petitioner liquidated Bobbin. The remaining assets [1] of Bobbin which were transferred to petitioner pursuant to the liquidation were as follows: *74 ASSETS
Cash
$ 409,685.80
Accounts Receivable
8,209.10
Notes Receivable
60,000.00
Prepaid Real Estate Tax
3,536.79
Timberland *
1.00
Total Assets
$ 481,432.69
LIABILITIES
Accounts Payable $ 1,019.66
Accrued Items
3,879.82
Total Liabilities $ 4,899.48
Petitioner filed a consolidated return for the taxable year 1960 which reflected Bobbin's net operating loss sustained during 1960 ($ 76,141.64). On its Federal income tax return for the taxable year 1961 petitioner carried forward net operating losses in the amount of $ 1,179,666.65. The amount of this deduction attributable to the operation of Bobbin by petitioner is as follows: Taxable
Amount of Net Year
Operating Loss [2]
1957 $ 259,822.86
1958
617,284.02
1959
193,662.52
1960
76,141.64
Total
$ 1,146,911.04
*75 In addition petitioner sold the Gore Tract during 1961 for $ 30,000 and reported a capital gain of $ 29,999 on its consolidated return for the taxable year 1961. During 1964, respondent conducted an audit of petitioner's Federal income tax returns for the taxable years 1960, 1961, 1962 and 1963. Pursuant to this audit respondent made the following adjustments with respect to the income and net operating losses of Bobbin for the period within which petitioner was the controlling shareholder: Taxable Years Involved
Fiscal Year Adjustment
1957
1958
1959
Ended 10/18/60 *
Disallowance of depreciation
deduction in full
$ 79,020
$ 42,628
$ 30,304 $ 4,851
Elimination of taxable capi-
tal gains in full
(50,186)
(35,127)
(47,559)
(60,570)
Disallowance of 1957 loss
attributable to period
from Jan. 1, 1957 to
Jan. 24, 1957
15,188
0
0
0
Disallowance of loss suffered
by Bobbin on sale of
Massachusetts plant
0
243,880
0
0
Disallowance of loss suffered
by Bobbin on sale of
Tupper Lake Property
0
0
140,295
0
Disallowance of loss suffered
by Bobbin on sale of
machinery & equipment
0
0
450
0
TOTAL NET OF DISALLOWANCES
$ 44,022
$ 251,381
$ 123,490
[55,719)
*76 The revenue agent's report which related to the 1964 audit contained the following explanation for the above adjustments: Net Operating Loss Deduction
In January 1957, taxpayer acquired control of U.S. Bobbin & Shuttle Co. ("Bobbin"), a corporation with principal offices in Lawrence, Massachusetts, where it filed its corporate income tax returns. Bobbin was engaged in manufacture of bobbins and shuttles for sale to the textile industry, with plants in Massachusetts and South Carolina. Bobbin also owned substantial tracts of timberland located in New York and Vermont. Taxpayer continued to operate Bobbin's plant. During 1958, taxpayer sold Bobbin's plant at Lawrence, and in 1960, taxpayer sold Bobbin's plant in South Carolina, property in Vermont (cutting mill and equipment) and miscellaneous assets. Bobbin continued to sell timberland from time-to-time, as heretofore. On October 18, 1960, Bobbin was merged into taxpayer. Taxpayer still owns substantial undeveloped acreage at Long Lake, New York, which it acquired as a result of such merger. At the time of the merger, October 18, 1960, Bobbin had certain built-in but unrealized *77 tax losses, i.e., losses which accrued economically before the merger but became realizable from the tax standpoint after the merger. Such built-in tax losses consisted of depreciation, and capital assets with a high basis to Bobbin but a low cost to taxpayer. It is considered that these built-in losses are not allowable for tax purposes, within the meaning of Sections 269 and 382 of the Code. In those instances where Bobbin's capital assets were sold at a net gain, consistency requires that such gain not be recognized.[Emphasis added.] Following the 1964 audit petitioner agreed to the deficiency proposed by respondent for the taxable year 1960 with respect to "built-in" losses regarding depreciation and capital assets with a high basis to Bobbin and a low cost to petitioner. However, the post-acquisition operating losses experienced by Bobbin during the taxable years 1957 through 1960 were allowed by respondent. In addition, respondent eliminated the capital gains on the sale of Bobbin's assets which would otherwise have been taxable. This included the elimination of a long-term capital gain derived from the sale of the Gore Property during 1961. Petitioner and respondent *78 did not enter into a closing agreement pursuant to section 7121, Internal Revenue Code of 1954, [3] with respect to the above agreed deficiency. During 1969 petitioner sold the remaining asset (Long Lake Property) which it had received from Bobbin's liquidation in 1960. The net proceeds from the sale of this property amounted to $ 344,849.81. Petitioner did not report this capital gain on its Federal corporate income tax return for the taxable year 1969. Respondent conducted an audit of petitioner's Federal corporate income tax return for the taxable year 1969 which focused on the sale of the Long Lake Property. Respondent calculated a long-term capital gain from the sale of this property as follows: Sale proceeds
$ 354,223.94
Less expenses of sale
9,374.13
Net proceeds and gain
$ 344,849.81
Pursuant to the audit conducted during 1973 and to the above calculation, the Commissioner, in his statutory notice of deficiency, determined that petitioner must recognize a long-term capital gain of $ 344,849.81 from the sale of the Long Lake Property for *79 the taxable year 1969. OPINION The sole issue for our decision is whether petitioner must recognize a long-term capital gain for the taxable year 1969 upon the sale of the Long Lake Property. During 1957 petitioner acquired more than 50 percent of the outstanding stock of U.S. Bobbin and Shuttle Co. (herein Bobbin). Petitioner continued to acquire Bobbin stock and by the close of 1957 it owned in excess of 80 percent of Bobbin's outstanding stock. Bobbin operated at a loss prior to petitioner's acquisition. Bobbin continued to operate at a loss subsequent to petitioner's acquisition for the taxable years 1957 through 1959 and a portion of 1960. On October 18, 1960, petitioner liquidated Bobbin and as a result received certain assets of Bobbin which included tracts of real estate known as the Gore Property and the Long Lake Property. On its Federal consolidated income tax return for the taxable year 1960 petitioner utilized Bobbin's net operating losses which were sustained during the taxable years 1957, 1958, 1959 and for the taxable year ended October 18, 1960.These losses included depreciation deductions, operating losses sustained by Bobbin during 1957 but prior to petitioner's *80 acquisition of more than 50 percent of Bobbin's outstanding stock, and losses from the sale of various assets of Bobbin. In addition the losses included the offsets of capital gains realized from the sale of Bobbin assets during the same time period. Petitioner sold the Gore Property during 1961 and realized a long-term capital gain in the amount of $ 29,999.
Respondent conducted an audit of petitioner's income tax returns during 1964 which included the taxable years 1960 through 1963. One of the focal points of this audit involved the examination of petitioner's utilization of Bobbin's net operating losses from prior years. As a result of this examination respondent made adjustments to various items which were included in the calculation of Bobbin's net operating losses for the taxable years 1957 through and including the taxable year ended October 18, 1960. More specifically respondent disallowed in full the depreciation deductions, losses sustained by Bobbin with respect to the sale of certain assets, and losses attributable to Bobbin during 1957 and prior to petitioner's gaining 50 percent control of Bobbin.These adjustments are set out in our findings of fact. Respondent *81 based the adjustments on the application of sections 269 and 382, Internal Revenue Code of 1954. Petitioner and respondent then negotiated a settlement whereby petitioner accepted respondent's adjustments and respondent agreed to eliminate all gains realized from the sale of certain Bobbin assets.This agreement included the elimination of a long-term capital gain realized from the sale of the Gore Property. A portion of the revenue agent's report, to which the parties have stipulated states: It is considered that these built-in losses are not allowable for tax purposes, within the meaning of sections 269 and 382 of the Code. In those instances where Bobbin's capital assets were sold at a net gain, consistency requires that such gains not be recognized. Finally respondent allowed petitioner to utilize the post-acquisition operating losses sustained by Bobbin during the taxable years 1957 through and including the taxable year ended October 18, 1960 and after the above adjustments were made. During 1969 petitioner sold the remaining tract of land, the Long Lake Property, and realized a long-term capital gain in the amount of $ 344,849.81 and this is *82 the focal point of our decision. Section 7121 sets forth the exclusive procedure under which a final closing agreement as to the tax liability of any person can be executed. Estate of Meyer v. Commissioner,58 T.C. 69 (1972). Petitioner does not contend that such an agreement was entered into with respondent. Rather petitioner takes the position that it is not required to recognize the gain from the sale of the Long Lake Property because its agreement with respondent in 1964 included the elimination of any gain realized upon the future sale of this property. Accordingly, petitioner argues that respondent is estopped from asserting a deficiency based on the unreported gain from the sale of the property during 1969. Respondent contends that the revenue agent's report refers only to Bobbin assets which weresold prior to the 1964 audit. Respondent further argues that there is no mention in the report that the built-in losses would be allowed as an offset to the gain from the sale of the Long Lake Property.Therefore, respondent takes the position that the doctrine of estoppel has no application to the facts which apply to the instant case. As in all *83 cases dealing with deficiency determined by the Commissioner, petitioner has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. In this regard it has failed. One of the necessary elements required to invoke the doctrine of estoppel is the reliance by the party claiming estoppel on an action by the other party to the detriment of the claiming party. Knapp-Monarch v. Commissioner,139 F.2d 863 (8th Cir. 1944). In addition the claiming party must establish that the reliance on the actions of the other party was justifiable and reasonable under the existing facts surrounding the agreement. Hudock v. Commissioner,65 T.C. 351 (1975). In this regard petitioner offered the testimony of Mr. Henry Lusardi who participated on behalf of petitioner during the negotiations with respondent in 1964. Mr. Lusardi testified that it was his impression that respondent agreed to eliminate any capital gain derived from the future sale of the Long Lake Property. However, on cross-examination *84 Mr. Lusardi testified that he could not recall whether respondent said to him that petitioner could offset the built-in losses of Bobbin against the gain from the sale of Long Lake Property and thereby eliminate it from inclusion in income. The only other evidence presented by petitioner which relates to the surrounding circumstances of the 1964 agreement was the report of the revenue agent who participated in the negotiations. Although the report is not a paragon of excellence it demonstrates that any gain derived from the future sale of the property was not included in the agreement. The report did, however, reflect that petitioner was the owner of the property at the time of the negotiations. The passage of time makes it difficult if not impossible to ascertain all relevant factors considered by the parties to an agreement that took place in 1964, absent a detailed written agreement. Petitioner has failed to establish that the 1964 agreement considered the ramifications of the sale of the Long Lake Property and therefore petitioner is unable to establish that it was reasonably justified with an expectation of nonrecognition of the gain from the sale of the property in 1969. *85 Moreover we reiterate the sentiment expressed in Schuster v. Commissioner,32 T.C. 998 (1959), affd. 312 F.2d 311, 317 (9th Cir. 1962), wherein the Appellate Court stated: We recognize the force of the proposition that estoppel should be applied against the Government with utmost caution and restraint, for it is not a happy occasion when the Government's hands, performing duties in behalf of the public, are tied by the acts and conduct of particular officials in their relations with particular individuals. * * * It is for these reasons that we sustain respondent's determination with respect to the deficiencies arising from the sale of the Long Lake Property. Decision will be entered for the respondent.
Footnotes
1. During the taxable years 1958, 1959 and 1960 petitioner sold the following assets of Bobbin: Year of Sale
Asset
1958
Plant in Massachusetts
1959
Tupper Lake Property
1959
Norris Bros. Stock
1960
Plant in South Carolina
1960
Various tracts of timberland and
mill equipment (other than
the Gore Property and Long
Lake Property)
Each of these sales resulted in a loss.↩
*. The timberland included the Gore Property and Long Lake Property. Petitioner's characterization of $ 1 reflected the basis assigned to these two tracts of land; i.e., Gore Tract-- $ 1 and Long Lake Property-- $ 0.↩
2. The Federal corporation income tax returns of Bobbin for the taxable years 1957 and 1958 reflect respective net operating losses of $ 259,771.86 and $ 617,131.02. However for the taxable year 1961 petitioner carried forward Bobbin's net operating losses in the respective amounts of $ 259,882.86 and $ 617,284.02. Nothing in the record before us reconciles these differences. In any event our decision will be unaffected by this unexplained discrepancy.↩
*. The date of Bobbin's liquidation↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩