John C. HOLLAND and Marie Holland, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 79–1090.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1980.

Decided May 29, 1980.

John M. Carter, Portsmouth, Va. (Dietrick & Carter, Portsmouth, Va., on brief), for appellants.

Jo Ann Horn, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., Gilbert E. Andrews, Jonathan S. Cohen, Mary L. Jennings, Tax Division, Dept. of Justice, Washington, D. C., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HAWKINS, District Judge.*

DONALD RUSSELL, Circuit Judge:

■ The appellants-taxpayers, husband and wife, complain of a decision of the Tax Court sustaining an assessment against them of a tax deficiency in the amount of $22,724.64 on their taxable income as set forth in their joint returns for the years 1972 and 1973. The deficiencies arise out of the treatment of the income realized by the husband as the net profits of a maintenance contracting business operated by him as an unincorporated business. In connection with this business the taxpayer utilized a

substantial amount of depreciable assets, such as trucks, dumpsters, bulldozers, cranes and other types of machinery and equipment. The cost basis for such depreciable property so used in 1972 amounted to more than $172,000 and in 1973 to more than $305,000. The net profits realized by the taxpayer in the operation of the business were $175,243.59 in 1972 and $246,-987.24 in 1973. The taxpayer contends that he is entitled to the benefit of the 50 percent income tax limitation given "earned income" by Section 1348, 26 U.S.C. for all the net profits of his business in the tax years in question. The Commissioner's position is that, since capital was a material income-producing factor in the profits realized by the taxpayer in the operation of his business, the amount of profits of such business which can be treated as "earned income" within the meaning of Section 1348(b)(1) was but 30 percent of such profits and it was only this percentage of his profits from his business which qualified for the benefits of Section 1348. Those conflicting positions presented the substantial issue for decision. The Tax Court sustained the position of the Commissioner.[1] We agree.

■ The taxpayer has raised a preliminary issue. At the conclusion of the audit by the field agent of the taxpayers' return, the agent prepared what is known as a Form 4549, which sets forth the tax deficiency found on the audit by the auditing agent and incorporates the taxpayer's assent to the assessment of such deficiency, if approved by the District Director. In this calculation used in fixing the deficiency, the agent had assumed that all the profits realized in the business by the taxpayer qualified as earned income under Section 1348. The taxpayer urges that his assent to the Form constituted a binding agreement between him and the Commissioner and that the Commissioner was barred from later claiming a greater deficiency than that stated in the Form. The preparation of the

* Honorable Falcon B. Hawkins, United States District Judge for the District of South Carolina, sitting by designation.

1. 70 T.C. 1046.

Form by the field agent and the assent of the taxpayers thereto, however, did not create a binding agreement. The Form very clearly stated that it was subject to the approval of the District Director. The District Director refused to approve the Form. Absent such approval, the Form did not constitute a binding agreement and the Tax Court properly dismissed the claim of the taxpayer to the contrary.

The substantial issue in the case is the amount of the taxpayer's taxable profits from his business to be treated as earned income. Section 1348(b)(1) declares that the term "earned income," to which the tax benefit thereby granted shall apply, is "any income which is earned income within the meaning of section 401(c)(2)(C) or section 911(b) or which is an amount received as a pension or annuity which arises from an employer-employee relationship or from tax-deductible contributions to a retirement plan." Section 911(b) provides:

> "*Definition of Earned Income.*—For purposes of this section, the term 'earned income' means wages, salaries, or professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. In the case of a taxpayer engaged in a trade or business in which both personal services and capital are material income-producing factors, under regulations prescribed by the Secretary or his delegate, a reasonable allowance as compensation for the personal services rendered by the taxpayer, not in excess of 30 percent of his share of the net profits of such trade or business, shall be considered as earned income."

These complementary Sections were applied by the Commissioner in calculating the amount of the taxpayer's business profits which was to be considered "earned income" for purposes of Section 1348. And it was that calculation which was approved by the Tax Court in its decision.

The taxpayer challenges this decision of the Tax Court and the formula it used in calculating the taxpayers' earned income entitled to the tax limitation authorized by Section 1348. He assumes that Section 1348 applies to "any" earned income, whether by way of salary or as the profits of an unincorporated business, and that the statute intended no distinction to be made between profits from an individual business managed by the taxpayer, as here, and salary paid the taxpayer by a third party. This argument would disregard entirely the language of the statute which expressly defines "earned income" as "any income which is earned income within the meaning of . . . section 911(b) . . ." The term "any income" for purposes of Section 1348 was accordingly limited by the language of Section 911(b) and under that limiting language, the taxpayer was only permitted to treat 30 percent of the profits of his business as earned income. But the taxpayer suggests that the express language of Section 1348, with its definition of "earned income," should be disregarded and that Section 911(b) must be considered inapplicable in this context where only income earned domestically is involved because that Section [*i. e.*, 911(b)] is an integral part of a statute expressly restricted in applicability to income earned abroad. What the Congress has done in Section 1348, though, is merely to adopt and incorporate for purposes of that Section the same method for calculating domestically earned income whenever earned in connection with an unincorporated business as is prescribed in Section 911(b) for calculating foreign earned income for tax purposes. This is a common practice in legislative drafting, whereby the Congress instead of repeating a definition appearing in some other statute, incorporates the definition in the latter statute by reference. This practice, though sometimes confusing, avoids unnecessary restatement of the same language in a succession of statutes. That this was the purpose in this case is manifest from the legislative history of Section 1348. *See* House

Report No. 91–413, 91st Cong., 1st Sess. 209 (1969), U.S.Code Cong. & Admin.News, 1969, p. 1645. In applying Section 911(b) in this case, as the definition of "earned income" to be followed in the application of Section 1348, the Tax Court was accordingly complying both with the plain language of the statute and with the clear legislative purpose. We find no error in its decision.

*AFFIRMED.*