**Bryant STUTZ, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

Civ. No. 93–2342 (CSF).

United States District Court,
D. New Jersey.

March 8, 1994.

Rylak & Gianos by Albert D. Rylak, Clinton, NJ, for plaintiff.

Jonathan Jackel, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, DC, Michael Chertoff, U.S. Atty. by Susan C. Cassell, Asst. U.S. Atty., Newark, NJ, for defendant.

## OPINION

CLARKSON S. FISHER, District Judge.

Before the court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Essentially, defendant asserts that this lawsuit is precluded by an alleged closing agreement subscribed to by the parties under 26 U.S.C. § 7121. For the reasons set forth below, defendant's motion is denied in its entirety.

Plaintiff brought this suit against the Internal Revenue Service (IRS) to obtain a refund of $26,952 assessed against him under 26 U.S.C. § 6672. Defendant contends that the parties entered into a binding closing agreement when they executed IRS Form 2751–AD, whereby the plaintiff was held not responsible and would not be assessed for unpaid employment taxes for periods before June 30, 1985, but that plaintiff was responsible and would be assessed for the periods ended September 30, 1985, and June 30, 1986. The total amount of liability to be assessed for those two periods was $26,-952.04.

Plaintiff disputes that Form 2751–AD properly effected a closing agreement under section 7121 of the Internal Revenue Code and that, alternatively, "a pattern of misconduct" on the part of IRS agents, including misrepresentations of material facts respecting plaintiff's right to judicial review, renders the alleged agreement subject to review.

Upon close examination, the court finds that Form 2751–AD does not constitute a closing agreement under 26 U.S.C. § 7121; therefore, the predicate underlying defendant's motion, the proposition that plaintiff is foreclosed from judicial recourse by virtue of 26 U.S.C. § 7121 governing closing agreements, is entirely misplaced. Accordingly, defendant's motion must be denied.

26 U.S.C. § 7121 provides:

§ 7121. Closing Agreements

(a) Authorization.—The Secretary is authorized to enter into an agreement in writing with any person relating to the liability of such person (or of the person or estate for whom he acts) in respect of any internal revenue tax for any taxable period.

(b) Finality.—If such agreement is approved by the Secretary (within such time as may be stated in such agreement, or later agreed to) such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact—

(1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States, and

(2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit made in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

"In order to enter into a closing agreement with the IRS, a taxpayer must first execute a proposed agreement on the forms prescribed for this purpose by the IRS." *Federal Procedure*, Lawyers Edition, Internal Revenue, § 48:722. Sections 301.7121–1(d)(1) and 601.202(b) of 26 C.F.R. detail the prescribed forms that create a closing agreement under section 7121. In particular, section 601.202(b) provides that "[in] cases in which it is proposed to close conclusively the total tax liability for a taxable period ending prior to the date of the agreement, Form 866, Agreement as to Final Determination of Tax Liability generally will be used." In addition, Rev.Proc. 68–16, 1968–1 CB 770 sections 6 and 7 furnish a detailed description of the proper format for a closing agreement. Several "matters of form" contained therein are particularly salient for purposes of the instant motion.

At the outset, section 6, governing "Matters of Form," highlights the nature of the proposed agreement implicating the provisions of section 7121:

.01 Form 866, Agreement as to Final Determination of Tax Liability.

1. *Final determinations of tax liability* pursuant to section 7121 of the Code are ordinarily reported on Form 866....

[Emphasis supplied.] "Because of the finality with which such agreements are imbued, it is extremely important that they be carefully drafted." Sec. 7.01, "Matters of Content."

Additionally, section 6.05, "Arrangement of Content," unequivocally states:

1. [C]losing agreements follow a standard logical format. They should begin with the standard caption at the top which states the nature of the document....

The court is particularly sensitive to the disparity between the formats contained in Forms 866 and 2751–AD. Whereas Forms 866 and 906 properly highlight the nature of the proposed agreement, "Closing agreement—As to final determination of tax liability (IRS Form 866) [26 U.S.C.S. § 7121; 26 C.F.R. §§ 301.7121–1, 601.202(b)], Agreement as to Final Determination of Tax Liability," and "Closing Agreement—As to final determination of tax liability and specific matters [citations omitted]," and contain the formats specifically prescribed by the IRS regulations, Form 2751–AD, signed by the parties, is entitled "100 Percent Penalty—Offer of Agreement to Assessment and Collection and Offer of Acceptance and Reassessment," with no attendant reference to 26 U.S.C. § 7121.

 Form 2751–AD also lacks any reference, prescribed by the IRS regulations, either in the caption or in the text, suggesting that the proposed agreement is a "final determination" with respect to tax liability; and the clause paralleling the language of § 7121 barring reopening of the case except in the event of "fraud, malfeasance, or mis-

representation of material fact" lacks any reference to the "final and conclusive" effect respecting liability, or to the Internal Revenue Code itself, as does Form 866.

Essentially, the form utilized by the IRS in this case is not prescribed by the IRS to be used as a closing agreement. The Form 2751–AD itself does not purport to be a closing agreement and contains no language suggesting that it represents plaintiff's final agreement concerning the tax liability periods at issue. Accordingly, the court finds that the Form 2751–AD advanced by defendant is not a closing agreement under section 7121 and does not foreclose plaintiff from judicial review herein.

Defendant's contention that this result places form over substance is without merit. Although the court is aware of the fact that there is no statutory requirement that any particular form be used, the only basis for defendant's claim that Form 2751–AD created a closing agreement resides in the inclusion of language paralleling section 7121: "If this offer is accepted, the case shall not be reopened in the absence of fraud, malfeasance, concealment or misrepresentation of material fact, or an important mistake in mathematical calculation." If the court were to endorse defendant's approach, it would effectively import the operative effect of section 7121 into a document that does not comply with the prescribed format for effecting a closing agreement, merely by virtue of token "boilerplate." Defendant's approach begs the question with respect to the validity of a closing agreement; defendant cannot achieve the desired end without the proper means. Defendant's approach also belies the statutory and regulatory framework regarding the proper format for a valid closing agreement, as well as the attendant case law. *See Levin v. Commissioner,* 1990 WL 57569 (U.S.Tax Ct., May 7, 1990), *aff'd,* 930 F.2d 909 (2d Cir.1991) ("[T]he statutory procedure provides the exclusive method by which a closing agreement may be accorded finality") (*citing McIlhenny v. Commissioner,* 39 F.2d 356 (3d Cir.1930)); *Hudock v. Commissioner,* 65 T.C. 351, 362, 1975 WL 3054 (1975); *Knapp–Monarch Co. v. Commissioner,* 139 F.2d 863, 864 (8th Cir.1944); *Wasserstrom v.*

*Commissioner,* 1986 WL 21645 at 6 (U.S.Tax Ct., Sept. 4, 1986) (citing *Dorl v. Commissioner,* 507 F.2d 406 (2d Cir.1974) ("An agreement executed in any other manner [than prescribed by the IRS] is ineffective as a section 7121 closing agreement.")); *Kennedy v. United States,* 965 F.2d 413, 421 (7th Cir.1992); *Person v. Commissioner,* 1985 WL 14839 (U.S.Tax Ct., May 2, 1985); *Hedrick v. Commissioner,* 63 T.C. 395, n. 5, 1974 WL 2654 (U.S.Tax Ct., Dec. 19, 1974).

Since the court finds that the parties have not entered into a binding closing agreement, it does not reach plaintiff's remaining arguments.

Based on the foregoing, defendant's motion is denied in its entirety. An order accompanies this opinion. No costs.

### ORDER

THIS MATTER having come before the court on motion by defendant to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; and the court having read and considered the written submissions of counsel pursuant to Rule 78 of the Federal Rules of Civil Procedure; and good cause appearing,

IT IS on this 7th day of March, 1994,

ORDERED that defendant's motion be and hereby is denied in its entirety.