T.C. Memo. 1998-266

UNITED STATES TAX COURT

TOM AND BRENDA KELLY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21641-96.                    Filed July 21, 1998.

Tom Kelly, pro se.

<u>Thomas C. Pliske</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]   Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1993 in the amount of $2,954 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $591.

After concessions by the parties,[2] the issue remaining for decision is whether respondent's acceptance and cashing of petitioners' check constitutes an accord and satisfaction of their Federal income tax liability for 1993.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioners resided in Catawissa, Missouri, on the date the petition was filed in this case. All references to petitioner in the singular are to Tom Kelly.

On March 29, 1996, petitioners received a letter from respondent's Appeals Office which stated that the total amount due for their 1993 taxable year was $2,907.05. This amount included tax in the amount of $2,044, a penalty in the amount of $395, and interest through April 15, 1996, in the amount of $468.05.

On June 10, 1996, petitioners mailed a check in the amount of $2,513 to the Internal Revenue Service. Petitioner, who formerly worked as an attorney, wrote "93 Full payment of tax

---

[2] The parties agreed at trial that the amount of the deficiency in petitioners' Federal income tax for 1993 is $2,044 and the amount of the sec. 6662(a) accuracy-related penalty is $395.

liability" in the notation area of the check. On the back of the check in the endorsement area, petitioner wrote "Full payment of 1993 Fed Tax, penalties & interest for Tom & Brenda Kelly". Along with the check, petitioner sent a letter dated June 10, 1996, which stated:

> IRS
>
> Find enclosed check for $2513 for full payment on tax, penalty & interest for 1993 for Tom & Brenda Kelly.
>
> Thanks, please spend the money wisely.

Petitioner also sent with the check and the letter a Form 1040-V (Payment Voucher) which he had found in the instructions for his 1995 tax return. He wrote on the voucher a note similar to the above-quoted statement. Respondent's service center in St. Louis, Missouri, received the check and cashed it on or about June 15, 1996.

On July 5, 1996, respondent issued the statutory notice of deficiency in this case.

Petitioner argues that the respondent's act of cashing the check with a restrictive endorsement constituted an accord and satisfaction of petitioners' Federal income tax liability for their 1993 taxable year. We disagree.

It is well established that as a general rule the Commissioner is finally and conclusively bound by an agreement with a taxpayer only if the parties enter into a closing

agreement under the provisions of section 7121.[3] <u>Holland v. Commissioner</u>, 70 T.C. 1046, 1048-1049 (1978), affd. 622 F.2d 95 (4th Cir. 1980); <u>Hudock v. Commissioner</u>, 65 T.C. 351, 362 (1975). The statutory procedure is ordinarily the exclusive method by which the Commissioner may be finally and conclusively bound. <u>Botany Worsted Mills v. United States</u>, 278 U.S. 282, 288 (1929); <u>Estate of Meyer v. Commissioner</u>, 58 T.C. 69, 70-71 (1972). "The very fact that Congress has provided a way in which the Internal Revenue Department may bind itself, precludes the possibility of its being bound by some other procedure." <u>Knapp-Monarch Co. v. Commissioner</u>, 139 F.2d 863, 864 (8th Cir. 1944), affg. 1 T.C. 59 (1942).

In the instant case, petitioners did not enter into <u>any</u> agreement with respondent with respect to their 1993 taxable year, let alone a closing agreement pursuant to the provisions of section 7121 and the regulations thereunder. Further, respondent's acceptance and cashing of the check tendered by petitioner did not constitute an accord and satisfaction of petitioners' tax liability for 1993. <u>Johnston v. Commissioner</u>, 19 B.T.A. 630 (1930); <u>Whitaker v. Commissioner</u>, T.C. Memo. 1994-109; <u>Kehew v. Commissioner</u>, T.C. Memo. 1983-354.

---

[3] Sec. 7121(b) provides an exception to this rule upon a showing of fraud, or malfeasance or misrepresentation of a material fact.

Accordingly, we hold that the amounts of petitioners' deficiency in Federal income tax for 1993 and liability for the section 6662(a) accuracy-penalty are equal to the amounts agreed to by the parties.  See <u>supra</u> note 2.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.